UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN HERRERA BARRIOS,

       Petitioner,                      Case No. 2:26-cv-10088

v.                                 Hon. Brandy R. McMillion
                                     United States District Judge

KEVIN RAYCRAFT, et al,

       Respondents.
_____/

**OPINION AND ORDER GRANTING**
**WRIT OF HABEAS CORPUS (ECF NO. 1)**

Petitioner Ervin Herrera Barrios ("Herrera Barrios" or "Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, alleging he is being unlawfully detained at the Monroe County Jail in violation of the Immigration and Nationality Act ("INA"). *See generally* ECF No. 1. Herrera Barrios, a Guatemalan citizen, entered the United States as an unaccompanied minor and currently has a pending asylum application before the U.S. Citizenship and Immigration Services ("USCIS"). ECF No. 1, PageID.9. Despite this, and his minimal criminal history, Respondents are holding Herrera Barrios without the opportunity for a bond hearing after immigration officers arrested him on October 5, 2025. *Id*. For the reasons below, this Court finds that Herrera Barrios's detention

1

without a bond hearing is unlawful, a violation of his due process rights, and orders his immediate release, or in the alternative, a bond hearing within seven (7) days. Accordingly, his Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

## I.

Herrera Barrios entered the United States on July 21, 2021 as a 17-year-old unaccompanied minor. ECF No. 1, PageID.9. Shortly thereafter, U.S. Customs and Border Protection transferred him to the Office of Refugee Resettlement ("ORR"). *Id.* ORR released him into the care and custody of his aunt, after which Herrera Barrios filed for asylum and withholding of removal, and applied for and received an employment authorization pending a decision on his asylum application. *Id.*

On October 5, 2025, immigration officers arrested Herrera Barrios, and DHS placed him into removal proceedings before the Detroit Immigration Court pursuant to 8 U.S.C. § 1229a. ECF No. 1, PageID.9. DHS charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or parole, then transferred him to the Monroe County Jail. *Id.* At the jail, Petitioner received a custody determination that his detention would be continued without an opportunity to post bond or to be released on conditions. *Id.* He then filed for a redetermination before an Immigration Judge, which was denied for lack of jurisdiction pursuant to *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* at PageID.10-11. To date, Petitioner is still detained at the Monroe

County Jail and has not been afforded a bond hearing, so he seeks habeas relief with this Court. The Government responds that under 8 U.S.C. § 1225(b)(2)(A), Herrera Barrios is properly detained because he falls in a category of noncitizens that the statute mandates be detained pending removal proceedings. *See generally* ECF No. 4.

The Petition has been adequately briefed; therefore, a hearing is unnecessary. *See* ECF Nos. 4-5; *see* E.D. Mich. L.R. 7.1(f)(2). As the Petition is now ripe for decision, the Court will rule on the record before it. *Id*.

## II.

Habeas relief is available when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "All agree that absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Habeas relief is equally available to non-citizens being held in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also AARP v Trump*, 145 S.Ct. 1364, 1367 (2025).

## III.

**A.  PROPER RESPONDENTS**

Petitioner files this action against Kevin Raycraft ("Raycraft"), Director of the Detroit Field Office of ICE's Enforcement and Removal Operations division, and

Kristi Noem ("Secretary Noem"), Secretary of the U.S. Department of Homeland Security. ECF No. 1, PageID.5. In response, the Government contends that Petitioner's claims should be maintained against just Raycraft as the only proper respondent. ECF No. 4, PageID.87. Petitioner opposes, arguing that because he is challenging a DHS policy change, Noem is properly named as a "high-level official[… who] possess ultimate authority over detention policy or the statutory interpretation being challenged." ECF No. 5, PageID.129.

In *Roman v. Ashcroft*, 340 F.3d 314, 322, 326 (6th Cir. 2003), the Sixth Circuit held that while "the immediate custodian rule generally applies to alien habeas corpus petitioners" "an exception might be appropriate if the INS were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." *Id*. at 322, 326. The Court finds that here, the exception is applicable given Petitioner's well-founded concern about "ICE's practice of moving detainees between districts." ECF No. 5, PageID.129. Accordingly, keeping Noem as a party in the case is warranted to ensure that Respondents maintain authority to enforce this Court's grant of habeas relief and order that Petitioner receive a bond hearing or, alternatively, be released even if Petitioner is transferred out of the district under Raycraft's control.

**B.    ADMINISTRATIVE EXHAUSTION**

Respondents next argue that the Court should require Petitioner to exhaust his administrative remedies (e.g. appeal the IJ's decision to deny him a bond hearing to

4

the BIA), before he is permitted to proceed with this habeas Petition. *See* ECF No. 4, PageID.89-90.

Courts apply the three-factor test set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (derived from *McGee v. United States*, 402 U.S. 479, 484 (1971)) to determine whether prudential exhaustion is required. Under the test, the Court disagrees that exhaustion is necessary. First, the issues raised in Herrera Barrios's habeas petition are purely legal in nature and do not require the agency to develop the record. Second, because Herrera Barrios's habeas petition includes a due process claim,[1] the administrative scheme (i.e., appeal to the BIA) is likely futile. And third, administrative review is not likely to change Respondent's position that Section 1225(b)(2)(A) applies in this context. Thus, given exhaustion would be futile and unable to provide Herrera Barrios with the relief he requests in a timely manner, the Court waives administrative exhaustion and will address the merits of the habeas petition.[2]

---

[1] The Sixth Circuit has also previously held that a due process challenge generally does not require exhaustion since the BIA lacks authority to review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006); *accord Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006) ("exhaustion of administrative remedies may not be required in cases of nonfrivolous constitutional challenges to an agency's procedures.") (citation omitted). Since Herrera Barrios's Petition includes a due process claim, an appeal to the BIA would be pointless.

[2] Furthermore, this Court and many others have waived exhaustion in similar proceedings. *See e.g.*, *Shweika v. Dep't of Homeland Sec.*, No. 1:06-cv-11781, 2015 WL 6541689, at *13 (E.D. Mich. Oct. 29, 2015); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Pizarro Reyes v. Raycraft, et al.*, No. 2:25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Romero v. Hyde, et al.*, ---F.Supp.3d----, No. 1:25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis et al.*, ---F.Supp.3d----, No. 1:25-cv-05937-DEH, 2025

## C. STATUTORY INTERPRETATION

The Court therefore turns to the central question in this case: which detention framework properly applies to Herrera Barrios? According to Petitioner, it is § 1226, so the Government is violating the INA by instead applying § 1225(b)(2). This Court has previously ruled that §1226(a) applies and finds the facts of this case warrant the same result. *See Lopez Campos*, 2025 WL 2496379.

Section 1225(b)(2)(A), deals with "inspection and removal of arriving aliens," directing that immigration officials "shall" detain "an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Section 1226, on the other hand, applies when dealing with "apprehension and detention of aliens," upon "a warrant issued by the Attorney General, an alien may be arrested or detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

The Court therefore rejects Respondent's overly broad reading of Section 1225(b)(2)(A) and finds it contrary to the plain language of the statutes, the overall structure, the intent of Congress, and over 30 years of agency action. Section

---

WL 2371588 (S.D.N.Y. Aug. 13, 2025). And this Court has previously held, "[w]hen the liberty of a person is at stake, every day that passes is a critical one, and the Court cannot fault [a detainee] for taking appropriate measures to pursue his claims through the habeas process, with the expectation that his claims would be met with a sense of urgency, and he would receive a decision in a more expedient manner." *See Lopez-Campos*, 797 F. Supp. 3d at 779. The same holds true for Herrera Barrios.

1226(a) applies to a noncitizen like Herrera Barrios—not § 1225(b)(2)(A)—based on the Court's prior statutory analysis in: *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Sandoval v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Casio-Mejia v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*, --- F. Supp. 3d ---, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Velasco-Sanchez v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13730, 2025 WL 3553672 (E.D. Mich. Dec. 11, 2025).[3]

**D.    DUE PROCESS**

Herrera Barrios also argues that his continued detention is a violation of due process. Respondent refutes his argument on the grounds that (1) the agency is merely complying with controlling law; (2) Petitioner received notice of the charges against him, has not been denied access to counsel, attended a hearing before an immigration judge, can request bond and appeal any immigration court bond

---

[3] To the extent that Respondents apply § 1225(b)(2)(A) to Herrera Barrios based on his pending asylum application, first, the Court deems the argument waived because it was not raised in their brief. *See generally* ECF No. 4. Second, the Court has already rejected Respondent's interpretation that § 1225(b)(2)(A) requires detention of any noncitizen, like Herrera Barrios, who is "present" in the country but has not been lawfully admitted. *Lopez-Campos*, 797 F. Supp. 3d at 781. Accordingly, § 1226 applies.

7

decision, and has only been detained for a few months; and (3) unlawful detention does not constitute unconstitutional detention. ECF No. 4, PageID.87-89. The Court again agrees with Petitioner. Herrera Barrios's detention under the mandatory detention framework violates his due process rights for the reasons previously stated in this Court's Due Process analysis in: *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Sandoval v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Casio-Mejia v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*, --- F. Supp. 3d ---, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Velasco-Sanchez v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13730, 2025 WL 3553672 (E.D. Mich. Dec. 11, 2025).

### E. REMAINING CLAIMS AND REQUESTED FORMS OF RELIEF

Given that the Court has granted the § 2241 Petition as set forth above, the Court need not address Petitioner's remaining claims and forms of relief.

### IV.

Accordingly, Herrera Barrios's Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondent is **HEREBY ORDERED** to immediately release

8

Herrera Barrios, or in the alternative, provide him with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED** that Respondent is **ENJOINED** from pursuing detention on the basis of 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondent shall file a Status Report with this Court on or before March 11, 2026, to certify compliance with this Order. The Status Report shall include if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS SO ORDERED.**

Dated: February 27, 2026　　　　　　　　　s/Brandy R. McMillion
　　　Detroit, Michigan　　　　　　　　　　Hon. Brandy R. McMillion
　　　　　　　　　　　　　　　　　　　　　United States District Judge